UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

REGO-FIX AG, )
      Plaintiff, )
)
  vs. )     1:10-cv-1188-JMS-TAB
)
TECHNIKS, INC., )
      Defendant. )

## ORDER ON MOTION TO DISMISS AND STRIKE

This matter is before the court on Plaintiff=s Motion to Dismiss Counterclaims And Strike Affirmative Defenses (Doc. #23). Plaintiff, Rego-Fix AG, claims that Defendant, Techniks, Inc., has violated two patents, U.S. Reissued Patent RE 37,484 (the A484 Reissue@) and U.S. Patent No. 7,140,616 (the A616 Patent@),which the company holds for the Atool holding@ systems it manufactures and sells. In response to Rego-Fix=s complaint in this action, Techniks filed an answer with affirmative defenses and counterclaims. Rego-Fix=s motion seeks dismissal of three of those counterclaims and also asks that four analogous affirmative defenses be stricken. As explained herein, two of the counterclaims and all four of the affirmative defenses are insufficient, as pled.

### Equitable Defenses & Counterclaims

If a patent holder engaged in Ainequitable conduct@ while procuring the patent he is seeking to enforce, or if he engaged in Apatent misuse,@ the same can be alleged as an equitable defense to the patent enforcement action and asserted as a counterclaim for a declaratory judgment with respect to the patent=s lack of enforceability . In the case at bar, Techniks has

alleged, by way of both affirmative defenses and counterclaims, that Rego-Fix engaged in inequitable conduct in obtaining the 484 Reissue and the 616 Patent. Techniks also claims that Rego-Fix engaged in patent misuse with regard to both patents.

*Inequitable Conduct*

"Inequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed.Cir. 2009)(citing *Ferguson Beuregard/Logic Controls, Div. Of Dover Resources, Inc. v. Mega Systems, LLC,* 350 F.3d 1327, 1344 (Fed.Cir. 2003). The Federal Circuit made it clear in *Exergen* that a party must plead the specific who, what, when, where and how of the material representations or omissions before the patent office which form the bases of the inequitable conduct defense or counterclaim being raised. *Id*. at 1328.

In this instance, despite Techniks' muddled argument to the contrary, it has clearly failed to provide the type of specificity required to satisfy Fed.R.Civ.P. 9(b) with regard to its inequitable conduct defenses and counterclaims. The court has examined the generalized and conclusory allegations of inequitable behavior contained in Techniks' second and fifth affirmative defenses as well as paragraphs 14 and 15 of Counterclaim III and paragraphs 29 through 32 of Counterclaim VI and finds that they are less specific in nature then the allegations at issue in *Exergen* which were found insufficient to satisfy the specificity requirement of Rule 9(b). *See id*. at 1329-30. Accordingly, the second and fifth affirmative defenses will be stricken and the counterclaims which are based on inequitable conduct will be dismissed. Techniks will be given thirty days in which to file an amended pleading which satisfies the

specificity required by Rule 9(b), as described in *Exergen*, .

*Patent Misuse*

Techniks has also raised patent misuse as a part of its defense to the enforcement of both patents. Patent misuse is raised in a single sentence by Techniks as its third and sixth affirmative defenses and appears in an even lesser form in paragraphs 15 and 32 of Counterclaims III and VI respectively. Technick=s allegation of patent misuse is that Rego-Fix brought its lawsuit against Techniks in bad faith because it knew it had no proper claim for infringement of its patents.

Like inequitable conduct, the roots of a patent misuse defense lie in the concept of Aunclean hands,= which is an equitable bar to enforcement of the patent. *B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F.3d 1419, 1427 (Fed.Cir. 1997). The patent misuse doctrine is employed to restrain practices which draw anti-competitive strength from the patent. *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed.Cir. 1992). The doctrine=s use has been limited to those handful of practices employed by a patentee in an effort to extend his patent grant beyond its statutory limits. *USM Corp. v. SPS Technologies, Inc.*, 694 F.2d 505, 510 (7th Cir. 1982). AThe bringing of a lawsuit to enforce legal rights does not of itself constitute violation of the antitrust laws or patent misuse; there must be bad faith and improper purpose in bringing the suit, in implementation of an illegal restraint of trade.@ *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc*., 45 F.3d 1550, 1558 (Fed.Cir. 1995).

As with any claim or defense upon which a party bears the burden of proof, the court

must assume the truth of all factual allegations when analyzing for purposes of a motion to dismiss or to strike for insufficiency. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975); *National Acceptance Co. of America v. Regal Products, Inc.*, 155 F.R.D. 631, 634 (E.D.Wis. 1994). Nevertheless, in this instance, Techniks has alleged no facts to support the conclusory legal conclusion that the filing of this lawsuit by Rego-Fix was a bad faith effort to restrain trade. Threadbare recitals of the elements of a claim or defense do not suffice and a court is not bound to accept as true the assertion of legal conclusions. *Cf. Ashcroft v. Iqbal*, __ U.S. __; 129 S.Ct. 1937, (2009). Accordingly, like the defenses and counterclaims raised on the basis of inequitable conduct, those based upon Techniks= conclusory allegation of patent misuse must be dismissed and, if a factual basis exists in support thereof, re-pled in a fashion more revealing of the factual foundation.

**Breach of Contract Counterclaim**

Rego-Fix contends that Techniks= Counterclaim VII for breach of the settlement and release agreement entered into to resolve previous litigation between Techniks and the parent of Rego-Fix should also be dismissed for failing to state a claim upon which the court may provide relief. It reasons that the settlement agreement at issue predates the 616 Patent and any reasonable reading of the document could not lead to a conclusion that it releases any future claims of Rego-Fix based upon patent infringement. Citing *Dick Corp. v. Geiger*, 783 N.E.2d 368, 374 (Ind. App. 2003), Rego-Fix argues that the court can interpret the release as a matter of law.

First, Techniks correctly points out that *Dick* was a case decided on summary judgment and not in the context of a motion to dismiss. *Id.* at 371. In this case, the essence of Techniks= response to the motion to dismiss is that the parties intended that the settlement and release agreement be interpreted broadly, not narrowly as argued by Rego-Fix. While a court may take into consideration the plain language in a contract when reviewing a motion to dismiss a claim based on that contract, any ambiguity that might exist in the contract pushes the issue to the fact-finder. *Pepsi-Cola Co. v. Steak=N Shake, Inc.*, 981 F.Supp 1149, 1157 (S.D.Ind. 1997).

Unlike the equitable defenses and counterclaims discussed previously, Techniks has provided more factual detail in its breach of contract pleadings and makes clear how it believes that the patent infringement damages being sought by Rego-Fix are Afuture damages@ which were released on Rego-Fix=s behalf in the settlement agreement and release. While Rego-Fix offers some compelling reasons for finding that it did not or could not breach the settlement agreement; nevertheless, in order for the court to appropriately consider Techniks response to that argument and still reach that conclusion, it would have to go further than making a simple review of an unambiguous contract. Because the settlement agreement and release bar recovery of all known and unknown damages which are sustained as a result of the facts and circumstances which gave rise to the underlying lawsuit, those facts and circumstances become relevant. Those facts or circumstances are not without dispute, and any findings the court might make at this point would be without the benefit of a complete record and an invasion of the role of the fact-finder. *Lumpkin v. Envirodyne Industries, Inc.*, 933 F.2d 449, 456 (7th Cir. 1991). In short, the breach of contract counterclaim can not be resolved at the motion to dismiss stage.

**Conclusion**

For the reasons explained in this entry, Plaintiff=s Motion to Dismiss Counterclaims And Strike Affirmative Defenses (Doc. #23) is **GRANTED IN PART and DENIED IN PART.** Techniks= second, third, fifth and sixth Affirmative Defenses are **stricken** and its Counterclaims III and VI are **dismissed.** Assuming a sufficient factual foundation exists to do so, Techniks shall have thirty (30) days in which to file an amended pleading addressing the deficiencies in these stricken defenses and dismissed counterclaims.

IT IS SO ORDERED.

02/02/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Copies to:

Michael C. Cook
WOODEN & MCLAUGHLIN LLP
mcook@woodmaclaw.com

Charles B. Phillips
MAGINOT MOORE & BECK
cbphillips@maginot.com

Constance Regina Lindman
STEWART & IRWIN P.C.
clindman@silegal.com

Dennis Scott Schell
Stewart & Irwin P.C.
dschell@silegal.com

Paul J. Maginot
MAGINOT MOORE & BECK
pjmaginot@maginot.com

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com

Harold C. Moore
MAGINOT MOORE & BECK
hcmoore@maginot.com

Maureen E. Ward
WOODEN & MCLAUGHLIN LLP
mward@woodmaclaw.com